IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| The Cincinnati Insurance Company, ) | Civil Action No.: 4:11-cv-01705-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Jim Wood Construction, Inc., Linwood D. ) | |
| Ridout, and Charley C. Wood, ) | |
| ) | **ORDER ON MOTION TO** |
| Defendants. ) | **FILE EXHIBITS UNDER SEAL** |
| _____) | |
| ) | |
| Linwood D. Ridout, ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Catalina London Limited, formerly known ) | |
| as Alea London Limited, ) | |
| ) | |
| Third Party Defendant. ) | |
| _____) | |

This matter comes before the court on the motion of Third Party Defendant Catalina London Limited ("Catalina") to file certain exhibits to their dispositive motion under seal. [ECF No. 55].

The court has reviewed the briefs submitted on this matter. In accordance with *In re Knight Publishing Company,* 743 F.2d 231 (4th Cir. 1984), the court grants the foregoing motion to seal on a temporary basis. Because *In re Knight* requires the court to provide public notice of a party's request to seal and allow interested parties an opportunity to object, this order temporarily grants the motions to seal until January 4, 2013. If in the interim period any interested party wishes to object to the permanent sealing of the documents at issue, that party may file a notice of appearance and state its

objections. In the event any objections are filed, the court will schedule a hearing on the motion to seal and hear the arguments of all parties. Should no objections be filed by January 4, 2013, the temporary order will automatically convert to a permanent order to seal.

The court considered less drastic alternatives to sealing the requested documents. The court found that less drastic alternatives were not appropriate in this case, as the documents concern a confidential settlement agreement in another lawsuit. The court has independently reviewed the documents in camera and concludes that the documents do not lend themselves to selective redaction.

The court finds persuasive the arguments of counsel in favor of sealing the documents and rejecting the alternatives. The records contain confidential information that could damage a party's business if disclosed. The court notes that the litigant's interest in nondisclosure of such proprietary information outweighs the public's right to access to these documents. *See May v. Medtronic Inc.*, No. CA 6:05-794-HMH, 2006 WL 1328765, *1 (D.S.C. May 15, 2006). The confidential and sensitive nature of the information in the documents at issue requires that the documents be sealed. Therefore, the court grants the motion to seal [ECF No. 55] in accordance with the limitations stated herein.

IT IS SO ORDERED.

| | |
|---|---|
| December 6, 2012 | s/R. Bryan Harwell |
| Florence, SC | United States District Judge |